**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**REYNALDO V. MAGBUAL,**

**Plaintiff,**

**v.**

**CORRECTIONS CORPORATION OF AMERICA (CCA), HOYT BRILL, Warden, JOHN RICHES II, NURSE K. DEBUHR, NURSE K. JAMES, DR. KIM H. TATSUMI, DR. PLATZ, DR. SOMKIAT VIRATYOSIN, EMERGENCY MEDICAL SERVICES ASSOCIATION (EMSA), and PATTY SWENSON,**

**Defendants.**

**Civil No. 01-157 (JMR/SRN)**

**ORDER**

---

Paul A. Sortland, Esq., on behalf of Plaintiff Reynaldo Magbual.

Marlene A. Petersen, Esq., Martha K. Sieber, Esq., on behalf of Defendants Corrections Corporation of America's Insurers, Warden Hoyt Brill, John W. Riches II (sued as John Riches II), and Patty Swenson.

Martha K. Sieber, Esq., on behalf of Defendants Nurse K. Debuhr, Nurse K. James, and Emergency Medical Services, (sued as Emergency Medical Services Association (EMSA).

Cecelie Morris Loidolt, Esq., on behalf of Defendants Dr. Kim H. Tatsumi, and Dr. Samkiat T. Viratyosin.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned Magistrate

FILED SEP 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Judge of District Court on July 19, 2001, on Plaintiff Reynaldo Magbual's motion for extensions of time to allow counsel to properly assess and investigate this case, and to proceed according to Minnesota law by obtaining the necessary expert testimony which should have been accomplished prior to instituting this lawsuit. Mr. Sortland also needs the requested extension of time in order to properly respond to the motions pending against Mr. Magbual.

Plaintiff Reynaldo Magbual was, during the time relevant to the claims contained in his pro se Complaint (Doc. No. 1), a prisoner at the Prairie Correctional Facility, a privately owned facility in Appleton, Minnesota. Complaint ¶ 4. He claims violations of his civil rights and asserts claims of medical malpractice as a result of the allegedly inadequate care given to an injury he sustained to his right index finger, including the ultimate amputation of that finger, in 1999 and 2000. Complaint ¶ 24.

Paul A. Sortland, newly obtained counsel for Plaintiff, states that he agreed to look at Mr. Magbual's case without realizing that his client had already commenced a pro se action. Mr. Sortland therefore asks that he be allowed an extension of three months to revise the Complaint and to provide proper affidavits of expert review. Mr. Sortland acknowledges that there are a number of serious deficiencies in the Complaint, and the expert affidavits required under Minn. Stat. § 145.682 have not been obtained. Mr. Sortland asserts that this extension would not be ultimately prejudicial to any party, as

further analysis coupled with appropriate expert review may result in a number of Defendants being dismissed from the pleadings altogether. In short, Mr. Sortland believes that it would benefit all parties if many of the deficiencies in the pleadings and proceedings are corrected, thus resolving many of the issues raised in the Defendants' motions.

Mr. Sortland bases his motion for extensions upon Minn. Stat. § 145.682, Subd. 4(b), and the case law interpreting this statute. See Stern v. Dill, 442 N.W.2d 322, 324 (Minn. 1989)(court may extend statutory time limits where failure to act was the result of excusable neglect); see also Lombardo v. Seydow-Weber, 529 N.W.2d 702 (Minn. App. 1995)(implying that the plaintiff should have argued excusable neglect, or sought additional time to serve expert affidavits). Mr. Sortland points out that the extraordinary situations in which an excusable neglect claim has been accepted involve pro se litigants who do not have access to adequate legal representation. See e.g., Weekley v. Jones, 927 F.2d 382 (8th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988) (noting that pro se prisoners are unable to take certain precautions which attorneys are obligated to perform).

All of the Defendants oppose the Plaintiff's motion for extensions. Defendants Corrections Corporation of America's Insurers, Warden Hoyt Brill, John W. Riches II, and Patty Swenson (the CCA Defendants), argue that the Plaintiff's motion for extensions seeks not only to extend or revise the May 2,

2001, Pretrial Scheduling Order for purposes of allowing his new counsel to properly assess this case, but it also improperly seeks an opportunity to re-draft a motion which is fully briefed and ripe for decision, and an opportunity to file an amended complaint to correct deficiencies without leave of the Court. The CCA Defendants state they are willing to cooperate with the Plaintiff and his new counsel on future scheduling issues, but do not believe that counsel's late entry into this case is grounds for permitting re-briefing a fully-briefed and their pending motion to dismiss. They argue that this would be prejudicial to them.

Defendants Debuhr, James, Emergency Medical Services Association oppose the requested extensions, and argue the applicability of Lombardo v. Seydow-Weber, 529 N.W.2d at 705 to this matter. In the alternative, these Defendants request that if the Court deem it necessary, in the interests of justice, to allow an extension of time, such extension be limited to 45 days.

Defendants Viratyosin and Tatsumi assert that any amendments involving them would be futile and unduly prejudicial. In addition, they argue that Plaintiff's motion for an extension of time to file expert affidavits should be denied because he has failed to demonstrate excusable neglect.

The Court notes that the facts in Lombardo are readily distinguishable from those in the above-captioned matter, in that Plaintiff

Lombardo was not a pro se prisoner with limited access to expert medical witnesses. It is for these reasons, coupled with the fact that Mr. Magbual: 1) speaks very little English; 2) is uneducated in the law; 3) is currently incarcerated in Arizona; and 4) that Mr. Sortland did not realize Mr. Magbual had already filed a pro se Complaint when he agreed to look at Magbual's case, that this Court will find excusable neglect under both Minn. Stat. § 145.682, Subd.4(b), and Fed. R. Civ. P.6(b).

This is not intended to be a precedential ruling, as it is based solely on the particular circumstances presented in this case. The Court finds that the interests of justice are best served by allowing the Plaintiff a limited additional extension beyond the time which has already passed since this motion was heard. The scheduling order in this case shall therefore be stayed for 45 days from the date of this Order. On or before November 15, 2001, Plaintiff's counsel shall, if warranted, serve an Amended Complaint, together with an initial affidavit of expert review, as required under Minn. Stat. § 145.682. The second affidavit shall be due 180 days after service of the Amended Complaint. Plaintiff need not respond to the Defendants' motions currently pending, until after service of the Amended Complaint. Following service of the Amended Complaint, the Defendants will have the option of revising, re-noticing, and re-serving their pending dispositive motions.

Finally, the Court suggests that Mr. Sortland review the pro se

motions Mr. Magbual filed on July 16 and 30, 2001, (Doc. Nos. 32 and 35), and determine whether it is appropriate to withdraw those motions. The Court asks that this determination be made on or before November 15, 2001, and conveyed to the Court. In the meantime, the Defendants need not respond to those motions until further order of this Court.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Extensions (Doc. No. 26) is **GRANTED**, and the scheduling order in this case shall be stayed for 45 days from the date of this Order. On or before November 15, 2001, Plaintiff's counsel shall, if warranted, serve an Amended Complaint, together with an initial affidavit of expert review, as required under Minn. Stat. § 145.682. The second affidavit shall be due 180 days after service of the Amended Complaint. Plaintiff need not respond to the Defendants' motions currently pending, until after service of the Amended Complaint. Following service of the Amended Complaint, the Defendants will have the option of revising, re-noticing, and re-serving their pending dispositive motions.

Dated: September 28, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge