UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Reynaldo V. Magbual,**

**Plaintiff,**

**v.**

**Corrections Corporation of America; Hoyt Brill, Warden; John Riches II; Nurse K. Debuhr; Nurse K. James; Dr. Kim H. Tatsumi; Dr. Platz; Dr. Somkiat Viratyosin; Emergency Medical Services Association; Patty Swenson;**

**Defendants.**

**Civil No. 01-157 (JMR/SRN)**

**ORDER**

---

Paul A. Sortland, Esq., on behalf of Plaintiff.

Martha K. Sieber, Esq., on behalf of Defendants Debuhr, James, and Emergency Medical Services Association.

Cecilie Morris Loidolt, Esq., on behalf of Defendants Viratyosin and Tatsumi.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on September 13, 2002, on Plaintiff's counsel's Motion to Withdraw (Doc. No. 71). In addition, the Court considered Plaintiff's Motion for Appointment of Mediator (Doc. No. 74) on the papers.

This Order addresses those motions.

## I. BACKGROUND

In the present case, Plaintiff brought claims for medical malpractice, negligent infliction of emotional distress, and deprivation of constitutional and statutory rights. Plaintiff's claims

NOV - 4 2002
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

were based on events that took place while he was incarcerated at Prairie Correctional Facility in Appleton, Minnesota. On or about April 23, 1999, a conveyor fell causing a "crush" type of injury to his right hand and index finger. The complications arising from this injury eventually led to Plaintiff's right index finger being amputated on May 25, 2000.

On January 26, 2001, Plaintiff commenced this lawsuit *pro se.* Subsequently, Plaintiff retained counsel to represent him. On September 28, 2001, the Court stayed the case for 45 days to provide Plaintiff's counsel time to comply with Minn. Stat. § 145.682, and, if necessary, to file an Amended Complaint. On November 16, 2001, Plaintiff filed the Amended Complaint. At some point prior to May 30, 2002, Plaintiff's counsel negotiated a settlement with Defendants Corrections Corporation of America, Hoyt Brill, John Riches II, and Patty Swenson. Consequently, on May 30, 2002, the Court granted a stipulation for dismissal with prejudice with respect to those Defendants.

On June 3, 2002, the Court conducted a hearing on Defendants Tatsumi and Viratyosin's Motion for Summary Judgment, and on September 13, 2002, the Court conducted a hearing on Defendants Debuhr, James, and Emergency Medical Service's Motion for Summary Judgment. Plaintiff's counsel filed memoranda in opposition to those motions, and participated in oral argument on both dates. On November 4, 2002, the Court recommended granting both motions for summary judgment.

## II. DISCUSSION

Local Rule 83.7(c) of the United States District Court for the District of Minnesota provides that "[w]ithdrawal without substitution may be granted only by a motion made before the Court, for good cause shown." "The decision to allow counsel to withdraw is left to the

sound discretion of the district court." Fleming v. Harris, 39 F.3d 905, 908 (8th Cir. 1994).

Plaintiff's counsel (Sortland) requests permission of the Court to withdraw as counsel. Sortland states that he has not found substitute counsel for Plaintiff. He explains, though, that he has vigorously prosecuted Plaintiff's interest. Sortland states that he received a letter from Plaintiff through which Plaintiff is attempting to avoid paying him for the settlement that was negotiated. Sortland takes issue with Plaintiff's complaints, because his retainer agreement "clearly provided Sortland 45% contingency in this difficult case plus costs." Sortland explains that it is now difficult to work for Plaintiff, given Plaintiff's disdain for him, and if he continued to represent Plaintiff he would be placing his own money at risk.

Defendants will only consent to the withdrawal motion on the condition that it will not further delay the proceedings against them.

Plaintiff responds that he wishes for Sortland to continue representing him for the entire length of the case. Plaintiff explains that he was not aware that Sortland would end up taking approximately 85% of the settlement. Had he known this, Plaintiff states he would not have agreed to that settlement amount. Plaintiff adds that he only agreed to this settlement because Sortland was threatening and demanding. Specifically, Plaintiff states that Sortland told him if he did not agree to settle for $10,000, he would withdraw the case. Plaintiff states that the medical records clearly show Defendants were negligent. As a result, it would not have been extremely difficult to obtain a significant jury verdict.

Plaintiff makes the same argument in support of his motion for appointment of a mediator. In this motion, he concludes from the above argument that "in view of the fact that I

have no protection of my 'rights' while I am in the state of Hawaii,[1] I am requesting an order that a 'mediator' be appointed."

The Court grants Plaintiff's counsel's motion to withdraw. Plaintiff and Sortland have irreconcilable differences at this point. Plaintiff's main opposition to this motion is his argument that Sortland did not negotiate an adequate settlement, and is pursuing his own rather than Plaintiff's interests. As a result, the Court finds Sortland's continued representation of Plaintiff would not be beneficial.

The Court also denies Plaintiff's motion for appointment of a mediator. Plaintiff's motion concerns dissatisfaction with Sortland's retainer agreement, and the manner in which he negotiated a settlement. Sortland, however, is not a party to the present suit, and the dispute would be entirely controlled by state law. In addition, the Court was never involved in settlement negotiations, and has no knowledge of the details of Plaintiff's arrangements with Sortland. As a result, it is inappropriate for the Court to entertain Plaintiff's motion.

In Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990), the Eighth Circuit stressed "the need to exercise judicial restraint and avoid state law issues wherever possible." Given this precedent, and that Plaintiff's motion is controlled entirely by state law, the Court concludes that Plaintiff's motion should be dismissed, and Plaintiff should instead pursue the dispute in state court if he wishes.

---

[1]Plaintiff is currently confined to the Halawa Correctional Facility in Hawaii.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's counsel's Motion to Withdraw (Doc. No. 71) is **GRANTED**;

(2) Plaintiff's Motion for Appointment of Mediator (Doc. No. 74) is **DENIED**.

Dated: November 4, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge